## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MICHAEL SELLERS, as Personal Representative
of the Estate of Amber Sellers, Deceased,

      Plaintiff,

v.                              No.1:24-cv-00162-MIS-GBW

HUMANA INSURANCE COMPANY and
MANHATTAN LIFE INSURANCE COMPANY,

      Defendants.

## MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6), Defendant Humana Insurance Company ("Humana") submits this Motion to Dismiss regarding Plaintiff's state law claims for Bad Faith (Count I), Breach of the Covenant of Good Faith and Fair Dealing (Count II), Breach of Contract (Count III), Violation of the New Mexico Unfair Trade Practices Act (Count IV), and Negligent Misrepresentation[1] as alleged in Plaintiff Michael Sellers' ("Plaintiff") Complaint.

Pursuant to D.N.M. LR-Civ, 7.1(a), counsel for Humana, in good faith, requested Plaintiff's counsel's concurrence to the motion. Plaintiff's counsel indicates the motion is opposed.

---

[1] Although Plaintiff referenced "Negligent Misrepresentation" in the caption to his Complaint and the introductory paragraph, he does not assert any separate count or cause of action for negligent misrepresentation against Humana or any Defendant. Humana asserts this inclusion is in error. However, even if it is not, Plaintiff's alleged claim for negligent representation is preempted along with the rest of his state law claims. *See infra* III.B.1.e. and n.6.

Humana respectfully requests this Court dismiss Plaintiff's alleged state law causes of action for two reasons. *First*, Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq. Second*, Plaintiff failed to exhaust his administrative remedies within the timeframe permitted by the governing employee benefit plan, which is a prerequisite to pursuing a civil action for benefits under ERISA. As a result, the Complaint should be dismissed with prejudice because no amendment is possible to state cognizable claims under ERISA.

Pursuant to D.N.M. LR-Civ, 7.6(a), Humana requests oral argument should the Court require further clarification of the issues presented.

This Motion is accompanied by the Declaration of Amy Lefeber ("Humana Decl."), attached hereto as **Exhibit 1**.[2]

---

[2] This Declaration attaches and authenticates copies of the subject plan documents and correspondence pertaining to Plaintiff's claim for benefits that are referenced in Plaintiff's Complaint and are central to his claims. The Court's consideration of such documents when determining Humana's Motion to Dismiss does not convert the motion to one for summary judgment where, as here, the plan documents and related correspondence concerning Plaintiff's request for and denial of benefits are referenced in the Complaint (*see, e.g.*, Compl. ¶¶ 12, 16, 21, 22, and 27) and are central to Plaintiff's claims, but were not attached to the Complaint. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (collecting cases and finding "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.").

## I.  Introduction.

Plaintiff, as a beneficiary, alleges that Humana denied coverage for certain accidental death benefits under an employee welfare benefit plan offered and maintained by Decedent Amber Sellers' ("Decedent") employer. Doc. 1-1, Compl., ¶¶ 12, 21, and 32. Plaintiff's claims for bad faith, breach of the covenant of good faith and fair dealing, breach of contract, violation of the New Mexico Unfair Trade Practices Act, and negligent misrepresentation (if alleged) all arise under New Mexico state law. Plaintiff alleges no claims under ERISA. The nexus of Plaintiff's claims, however, squarely relates to Humana's denial of benefits under an employer-sponsored welfare benefit plan subject to ERISA and Plaintiff's attempt to recover benefits under the subject plan.

It is well-settled that *any* state law cause of action which attempts to duplicate, supplement, or supplant ERISA's civil enforcement scheme conflicts with Congress's intent to make ERISA the exclusive remedy and is, therefore, preempted. *Aetna Health v. Davila*, 542 U.S. 200, 209 (2004). When a plaintiff brings suit for a denial of benefits, and the individual is only entitled to such benefits because of the terms of an ERISA-regulated employee benefit plan, the "suit falls 'within the scope' of ERISA § 502(a)(1)(B)."[3] *Id.* at 210 (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987)). Plaintiff's state law claims attempting to recover benefits under the Humana plan are preempted by ERISA. Plaintiff's failure to plead a cause of action

---

[3] 29 U.S.C. § 1132(a)(1)(B).

under ERISA for the recovery of benefits leaves his Complaint without a claim upon which relief can be granted.

In addition, "[t]he courts of appeals," including the Tenth Circuit, "have uniformly required that participants exhaust internal review before bringing a claim for judicial review under § 502(a)(1)(B)." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 105 (2013); *see also Held v. Manufacturers Hanover Leasing Corp.*, 912 F.2d 1197, 1206 (10th Cir. 1990) ("exhaustion of administrative (i.e., company- or plan-provided) remedies is an implicit prerequisite to seeking judicial relief" under Section 502(a)(1)(B)). Plaintiff has failed to plead (and cannot plead) that he exhausted the plan's administrative remedies, preventing ERISA's remedies, if any, from being granted in relation to his claims.

## II.    Factual and Procedural Background.

On November 19, 2022, Decedent died as the result of an automobile crash. Compl., ¶ 11. At the time of Decedent's death, she was a participant in the Humana Multi Benefit Plan (the "Plan"), an employer-sponsored welfare benefit plan offered and maintained by her employer, Humana. Humana Decl., ¶ 5, Ex. A, pp. 1-104. Decedent was covered by the Plan under one or more types of coverage. Compl., ¶ 12; Humana Decl., ¶ 5, Ex. A, pp. 1-104; Ex. B, p. 1. The Plan is comprised of benefit components which include, as relevant to this case: Basic Life Insurance and Accidental Death and Bodily Injury coverage, Voluntary Life Insurance and Accidental Death and Bodily Injury coverage, and Business Travel Accident coverage

(the "Benefit Components").[4] Compl., ¶ 25; Humana Decl., ¶ 5, Ex. A, pp. 1-104. Humana Insurance Company of Kentucky is the claims administrator for the Benefit Components. Humana Decl., ¶ 9, Ex. A, pp. 1, 34, 73.

On or around December 20, 2023, Plaintiff submitted his claim for benefits under the Plan to Humana. Compl., ¶ 16. Plaintiff alleges that, by letter dated March 14, 2023, Humana "den[ied] his claim for benefits." *Id.* at ¶ 21; Humana Decl., ¶ 6, Ex. B, pp. 1-3. On July 3, 2023, following the alleged denial from Humana, Plaintiff's attorney submitted a "Notice of Appeal" and a demand for policy limits under the applicable coverages. *Id.* at ¶ 22; Humana Decl., ¶ 7, Ex. C, pp. 1-2. In response to the Notice of Appeal letter, on July 24, 2023, Humana advised Plaintiff's counsel that, pursuant to the Plan's terms, in order for counsel to act on Plaintiff's behalf in pursuing the appeal, Humana must have written authorization signed by Plaintiff as the member's beneficiary. Specifically, Humana requested completion of the enclosed and required Appointment of Representation ("AOR") form. *Id.* at ¶ 27; Humana Decl., ¶ 8, Ex. D, pp. 1-5. The letter also contained a detailed explanation about the information required to be in the AOR form and the manner of signature to constitute valid authorization. *Id.* Neither Plaintiff nor his counsel returned the signed AOR form appointing counsel as his authorized representative and, thus, no further action

---

[4] The Complaint improperly attributes the Benefit Components to Defendant Manhattan Life Insurance Company. *See* Compl., ¶ 25. Indeed, the March 14, 2023, letter that Plaintiff claims he received from Humana with the denial of benefits explicitly references the Benefit Components and attributes them to Humana. *Id.* at ¶ 21; *see* Humana Decl., ¶ 6, Ex. B.

was taken on the July 3, 2023, Notice of Appeal letter. The appeals process was not completed because of the failure to return the signed AOR form and Humana closed the appeal as invalid. Thereafter, Humana did not receive any further communications from Plaintiff or his counsel regarding the appeal or otherwise.

Plaintiff now brings this action under various New Mexico state law claims for bad faith (Count I), breach of the covenant of good faith and fair dealing (Count II), breach of contract (Count III), violation of the New Mexico Unfair Trade Practices Act (Count IV), and negligent misrepresentation. Compl., ¶¶ 37-84. Plaintiff seeks "to collect the Life Insurance proceeds to which he is entitled" due to Humana's alleged "refusal to pay the claim in a timely manner." *Id.* at ¶¶ 32, 34; *see also*, *e.g.*, ¶¶ 45 (alleging "unreasonable failure to pay a first party coverage claim"), 51 (alleging breach of implied covenant for failure to "admit and acknowledge coverage" and "investigate, process, determine, and decide Plaintiff's claims under the Policy"), 66 (alleging breach by failure to "honor Plaintiff's request for payment under the Policy"), 79 (alleging lack of "attempt in good faith to effectuate prompt, fair and equitable settlement of Plaintiff's claim").

Counts I through IV of the Complaint all relate to Plaintiff's claim for benefits under the ERISA governed plan, therefore preempting each cause of action. Additionally, Plaintiff has failed to exhaust his administrative remedies by properly pursuing an appeal of the original claim determination, precluding this civil action from proceeding.

### III.    The Complaint Fails to State a Claim Upon Which Relief May be Granted.

Rule 12(b)(6) allows for the dismissal of a complaint where the plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *Sawyer v. USAA Ins. Co.*, 912 F. Supp. 2d 1118, 1131 (D.N.M. 2012). In reviewing a motion to dismiss under Rule 12(b)(6), the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015) (citation omitted). "To survive a motion to dismiss," the complaint does not need to contain "detailed factual allegations," but it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). No such facts are present here.

A motion to dismiss asserting ERISA preemption as the grounds for dismissal is properly decided under Rule 12(b)(6). *See Huff v. BP Corp. N. Am., Inc.*, No. 23-5022, 2023 WL 8802698, at *1 (10th Cir. Dec. 20, 2023) (affirming district court's dismissal of complaint due to ERISA preemption and failing to state claims under ERISA). Where, as here, the plaintiff's claims are entirely preempted by ERISA, the plaintiff has failed to state a claim upon which relief can be granted and dismissal is appropriate. *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1201 (10th Cir. 2006) (affirming dismissal where "original claims are entirely preempted by ERISA").

## A.    The Complained of Plan is an ERISA Plan.

ERISA regulates "any employee benefit plan if it is established or maintained . . . by an employer engaged in commerce or in any industry or activity affecting commerce . . ." 29 U.S.C. § 1003(a). An employee benefit plan includes an employee welfare benefit plan. 29 U.S.C. § 1002(3). An employee welfare benefit plan is defined in 29 U.S.C. § 1002(1) as:

> any plan, fund, or program . . . established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death . . .

Courts have dissected the definition into five elements which distinguish an ERISA employee welfare benefit plan: "(1) a 'plan, fund, or program,' (2) established or maintained, (3) by an employer…, (4) for the purpose of providing medical, surgical, [or] hospital care…benefits, [or benefits in the event of sickness, accident, disability, death], (5) to [the plan's] participants or beneficiaries." *Vigil v. Lobo Campus Pharmacy*, No. CV 04-0863 LH/RLP, 2004 WL 7337429, at *1 (D.N.M. Dec. 8, 2004) (citing *Peckham v. Gem State Mut. of Utah*, 964 F.2d 1043, 1047 (10th Cir. 1992)); 29 U.S.C. § 1002(1).

The benefits provided under the Plan are undoubtedly provided through a plan or program established or maintained by Humana (an employer) for the purpose of providing benefits in the event of accident or death (life, accidental death, and travel accident coverage) to the Plan's participants and/or beneficiaries, including Decedent

and Plaintiff. Compl., ¶ 12; *see also* Humana Decl., ¶5, Ex. A, pp. 2, 35, and 74 (stating the policyholder/employer as "Humana Insurance Company" and the requisite coverages as "Employee Basic Life coverage for employee," "Voluntary Term Life/Accidental Death and Dismemberment coverage for employee," and "Business Travel Accident coverage for employee"). The Plan is an "employee welfare benefit plan" pursuant to 29 U.S.C. § 1002(1) and is governed by ERISA. *See* Humana Decl., Ex. A, pp. 30-31, 69-70, 100-101 (all Benefit Components expressly stating they are governed by ERISA and providing required ERISA-related disclosures to participants).

### B.    Plaintiff's Claims Are Preempted by ERISA.

The express preemption section of ERISA provides, in relevant part, that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . ." 29 U.S.C. § 1144(a). The United States Supreme Court has opined in numerous cases about the expansive sweep of the preemption clause and broad meaning of the phrase "relate to." *See*, *e.g.*, *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987) ("[t]he phrase 'relate to' was given its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" (quoting *Metro. Life Ins. Co. v. Mass.*, 471 U.S. 724, 739 (1985) and *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983)). The Supreme Court has further emphasized that the preemption clause is not limited to state laws that are specifically designed to affect employee benefit plans, but also to common law tort and contract claims that

are based on alleged improper processing of a claim for benefits under an employee benefit plan. *See Pilot Life Ins. Co.*, 481 U.S. at 47-48 (citation omitted).

ERISA "can be a fruitless and thorny ground for plaintiffs, and many seek to avoid it entirely by bringing their insurance claims under state law. The Supreme Court has increasingly circumscribed such state-law claims, however, finding the preemptive sweep of ERISA to be so 'extraordinary' that it bars all claims of close relation." *Lind*, 466 F.3d at 1197 (citing *Metro. Life Ins. Co.*, 481 U.S. at 65). "[T]he Supreme Court has found ERISA to preempt nearly all state claims relating to causes of action against covered health insurers, even when 'the elements of the state cause of action [do] not precisely duplicate the elements of an ERISA claim.'" *Id.* at 1198 (quoting *Davila*, 542 U.S. at 216).

ERISA's civil enforcement provision is codified at section 502(a) (29 U.S.C. § 1132(a)). Relevant to Plaintiff's claims, it provides that a "beneficiary" of an employee welfare benefit plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . ." 29 U.S.C. § 1132(a)(1)(B). "[T]he ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Davila*, 542 U.S. at 209 (quoting *Metro. Life Ins. Co.*, 481 U.S. at 65–66). "It follows that if . . . an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that

is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Id.* at 210.

Plaintiff's claims at their core seek "to collect the Life Insurance proceeds to which he is [allegedly] entitled." Compl., ¶ 32. At the outset of the Complaint's factual allegations, Plaintiff asserts that his claims "pertain[] to the insurance coverage available to Plaintiff . . . pursuant to the policies of insurance issued by . . . Humana . . ., and related to the improper claims handling or failure to provide goods and services by Defendant Humana. . ." *Id.* at ¶ 8; *see also id.* at ¶¶ 12, 16-18, 21-22, 27, 45, 51, 66, 79 (demonstrating all claims are tied to Plaintiff's claim for benefits under the Plan and Humana's decision regarding the claim for benefits under the Plan). This action is unquestionably an attempt "to recover benefits" under §502(a) alleging claims under state and common laws related to the Plan and is thereby preempted.

### 1.    Count I through Count IV of the Complaint are all Preempted by ERISA.

Plaintiff alleges state common law claims for bad faith (Count I), breach of the covenant of good faith and fair dealing (Count II), breach of contract (Count III), violation of the New Mexico Unfair Trade Practices Act (Count IV), and potentially negligent misrepresentation. As detailed above, the United States Supreme Court has made clear that state common law tort and contract actions asserting improper processing of a claim for benefits under an insured employee benefit plan are preempted under ERISA. *See, e.g.*, *Pilot Life Ins. Co.*, 481 U.S. at 47-48.

Applying this rationale, "[t]he Tenth Circuit has held that ERISA preempts common-law or state-law statutory claims for breach of contract, bad faith[,] or unfair insurance practices, because they conflict with ERISA's remedial scheme." *Schoen v. Presbyterian Health Plan, Inc.,* Nos Civ. 08–0687 JOB/WDS, 08–0970 JOB/WDS, 2009 WL 1299680, at *4 (D.N.M. Feb. 19, 2009) (citing *Allison v. UNUM Life Ins. Co. of Am.,* 381 F.3d 1015, 1026 (10th Cir. 2004) (ERISA preempted plaintiff's bad faith breach of contract claim against long-term disability benefits insurance carrier because she sought consequential and punitive damages, which conflicted with ERISA's remedial scheme)); *see also Kelley v. Sears, Roebuck & Co.,* 882 F.2d 453, 455-56 (10th Cir. 1989) (ERISA preempted state law claims brought under Colorado's unfair insurance practices statute, which is virtually identical to the New Mexico statute); *Kidneigh v. UNUM Life Ins. Co. of Am.,* 345 F.3d 1182, 1185 (10th Cir. 2003) (state common law claim for bad faith was preempted). The same is true here regarding each of Plaintiff's claims.

> **a.    Plaintiff's common law bad faith claim (Count I) is preempted by ERISA because it conflicts with ERISA's remedial scheme.**

Plaintiff asserts a common law claim for "bad faith" because Humana allegedly "did not deal fairly and in good faith with Plaintiff" when it denied his claim for benefits under the Plan. Compl., ¶ 41. Plaintiff seeks "economic damages[,]" "compensatory damages[,]" and "punitive damages" as relief for his bad faith claim. *Id.* at ¶¶ 44, 46. Plaintiff also alleges an unreasonable failure to pay a first party coverage claim. *Id.* at ¶ 45.

The Tenth Circuit has determined that "bad faith claims are preempted by ERISA because they conflict with ERISA's remedial scheme." *Kidneigh*, 345 F.3d at 1185 (state law claims for bad faith were preempted because they provide a remedy beyond those contained in ERISA and thus conflict with ERISA's remedial scheme). As the *Kidneigh* court explained, "[n]owhere does ERISA allow . . . punitive damages. Damages are limited to the recovery of 'benefits due . . . under the terms of the plan.'" *Id.* at 1185 (quoting *Conover v. Aetna U.S. Health Care, Inc.*, 320 F.3d 1076, 1080 (10th Cir. 2003)); *see also Schoen*, 2009 WL 1299680, at * 4 (noting the Tenth Circuit has held that ERISA preempts common-law or state-law statutory claims for bad faith because they conflict with ERISA's remedial scheme) (citing *Allison*, 381 F.3d at 1026). Plaintiff's claim for common law bad faith is thereby preempted as it asserts improper processing of a claim for benefits under the Plan and, in addition to seeking recovery of benefits under the Plan, seeks punitive damages that are not appropriate under ERISA. This claim is therefore properly dismissed as preempted by ERISA.

> **b.     Plaintiff's common law claim for breach of the covenant of good faith and fair dealing (Count II) is preempted by ERISA because it too conflicts with ERISA's remedial scheme.**

Plaintiff asserts a common law claim for breach of the covenant of good faith and fair dealing alleging that Humana "did not attempt in good faith to effectuate prompt, fair, and equitable settlement of Decedent's claim . . ." Compl., ¶ 49. Plaintiff further contends that Humana failed to "admit and acknowledge coverage in this matter" and failed to "decide Plaintiff's claims under the Policy. . . ." *Id.* at ¶ 51.

Plaintiff asserts that the covenant of good faith and fair dealing is "[i]mplicit in the contract of insurance between Decedent, Amber Sellers, and [Humana]." *Id.* at ¶ 48. Likewise, Plaintiff seeks "damages in a monetary amount to be determined at trial" and "punitive damages in an amount to be determined by the jury" as relief for his claim. *Id.* at ¶¶ 53, 57.

Here, Plaintiff complains about not receiving benefits under the Plan at issue and such a claim is wholly preempted by ERISA. As stated above, a claim for breach of the covenant of good faith and fair dealing is preempted by ERISA as it is in direct conflict with ERISA's remedial scheme. *Schoen*, 2009 WL 1299680, at *4; *see also Kidneigh*, 345 F.3d at 1185 (stating "damages' for breach of good faith and fair dealing by an insurer . . . provide[] a cause of action excluded from [ERISA's] civil enforcement scheme[.]"). With this claim, Plaintiff again seeks benefits under the Plan but attempts to end-run ERISA through a common law cause of action that seeks additional remedies in direct conflict with ERISA's remedial scheme. For these reasons, Plaintiff's claim for breach of the covenant of good faith and fair dealing fails and should be dismissed.

### c.    Plaintiff's claim for breach of contract (Count III) is also completely preempted by ERISA.

Plaintiff's claim for breach of contract is premised upon Humana entering into a contract of insurance with Decedent and subsequently (and allegedly) "breach[ing] the insurance policy contractual provisions by failing to honor . . . payment under the

Policy." Compl., ¶ 66. Plaintiff seeks "punitive damages in an amount to be determined by the jury" as relief for this claim. *Id.* at ¶ 69.

Claims for breach of contract that "relate to an employee benefit plan," 29 U.S.C. §1144(a), are preempted by ERISA because they are "based upon common law of general application that is not a law regulating insurance." *Metro. Life Ins. Co.*, 481 U.S. at 62; *see also Pilot Life Ins. Co.*, 481 U.S. at 41 ("The common law causes of action asserted in respondent's complaint, each based on alleged improper processing of a benefit claim under an employee benefit plan, 'relate to' an employee benefit plan and therefore fall under ERISA's pre-emption clause."); *see also Schoen*, 2009 WL 1299680, at *4 (breach of contract claims are preempted by ERISA because they conflict with ERISA's remedial scheme) (citing *Allison*, 381 F.3d at 1026).

In the Complaint, Plaintiff alleges that, by issuing a policy of insurance to Decedent (i.e., the employee benefit plan), and not paying his claim as a beneficiary under the Plan, Humana has breached the contract. Compl., ¶¶ 59, 66. Plaintiff's claim is entirely "related to" an employee benefit plan as the Plan is the only agreement between the parties. ERISA's preemption prevents such a claim, and it should therefore be dismissed. *Straub v. Western Union Tel. Co.*, 851 F.2d 1262, 1264 (10th Cir. 1988) (any "argument that ERISA cannot preempt claims that are primarily contractual in nature must fail."); *see also Allison*, 381 F.3d at 1026 ("[W]e hold that [plaintiff's] breach of contract claim, which seeks consequential and punitive damages, conflicts with ERISA's remedial scheme, and is thus preempted.").

### d. Plaintiff's claim for violation of the New Mexico Unfair Trade Practices Act (Count IV) is preempted by ERISA.

With this claim, Plaintiff asserts that Humana's[5] actions in denying his claim for benefits under the Plan "constitute unfair insurance claims practices" under the New Mexico Unfair Insurance Claims Practices Act because Humana "failed to distribute assets to the Estate of Amber Sellers" and did so in "bad faith." Compl., ¶¶ 71, 72, 77. Plaintiff further contends that Humana "did not attempt in good faith to effectuate prompt, fair and equitable settlement of Plaintiff's claim" under the Plan in violation of the above Act. *Id.* at ¶ 79. Similar to his other claims, premised on alleged failure to pay benefits under the Plan, Plaintiff seeks, in addition to recovery of Plan benefits, "punitive damages in an amount to be determined by the jury" as relief for this claim. *Id.* at ¶ 84.

This Court, as well as the Tenth Circuit, have uniformly held that claims under state unfair claims practices acts, including New Mexico's Act, are preempted by ERISA. *See*, *e.g.*, *Estate of Gonzales v. AAA Life Ins. Co.*, No. CIV 11-0486 JB/WDS, 2012 WL 1132332, at *26 (D.N.M. Mar. 28, 2012) ("ERISA similarly preempts the claim under the Unfair Practices Act, N.M.S.A. 1978 . . ."); *Schoen*, 2009 WL 1299680, at *7-8 (D.N.M. Feb. 19, 2009) ("Schoen's claims for unfair insurance practices. ... fall within the ambit of 29 U.S.C. § 1132(a)(1)(B) and are pre-empted, because Schoen is seeking to enforce his rights to proper processing of claims made under his employee

---

[5] The Complaint incorrectly references "Defendant USAA and Defendant Kilpatrick" however, these are not parties to this litigation. It is believed this should instead reference Humana and Manhattan Life.

*Motion to Dismiss*

health-benefits policy. ERISA, therefore, completely pre-empts these claims. . .");
*Kelley*, 882 F.2d at 456 (ERISA preempted state law claims under Colorado's unfair
insurance practices statute, which for ERISA purposes is identical to the New Mexico
statute); *Nechero v. Provident Life & Acc. Ins. Co.*, 795 F. Supp. 374, 380-81 (1992)
(state statutes imposing duties on insurers are also preempted when the duties
related to employee benefit plans and otherwise infringe on ERISA's civil
enforcement provisions, including claims under the New Mexico Unfair Insurance
Practices Act); *Wexler v. Brokerage Servs., Inc.*, 1989 WL 379862, at * 2 (Oct. 18,
1989) (relying in part on *Kelley v. Sears, Roebuck & Co.* to conclude that ERISA
preempts claims under equivalent sections of the New Mexico Unfair Insurance
Practices Act).

State law causes of action such as those alleged in Count IV of Plaintiff's
Complaint cannot be maintained against a plan when they are preempted under both
ERISA's statutory provisions and when they provide remedies beyond those in
ERISA's remedial provision. *Kidneigh*, 345 F.3d at 1185. Plaintiff's claim thus fails
and should be dismissed.

    e. **Plaintiff's allegation of negligent misrepresentation, even if alleged as a cause of action, cannot proceed.**

Although not directly alleged as a cause of action against Humana, Plaintiff
vaguely uses the words "negligent misrepresentation" in the caption of the Complaint
and introductory paragraph. Compl., p. 1. Mere use of such words in the Complaint's
introduction, however, is patently insufficient to state a cognizable cause of action

where there is no separate count or cause of action alleged and no facts alleging that any negligent misrepresentation occurred. *See generally id*. Regardless, even if pled, such a claim would fail as preempted by ERISA.[6] "[T]he Tenth Circuit has held that ERISA preempt[s] a plaintiff's claim for negligent misrepresentation . . ." *Sawyer*, 912 F. Supp. 2d at 1147 (citing *Straub*, 851 F.2d at 1263–64). Any such claim, would, like the rest of Plaintiff's Complaint, only allege purported representations concerning the Plan or Plaintiff's claim for benefits under the Plan. Consequently, the claim would likewise be preempted due to ERISA and its remedial provision, and, therefore, should be dismissed.

### 2. Plaintiff's Alleged Damages Sought in the Complaint are all Preempted by ERISA.

All of Plaintiff's claims assert improper processing of a claim for benefits under the Plan and are founded upon a request to pay life insurance and accident benefits under the Plan. Compl., ¶¶ 8, 12, 21-22, 27, 32, 45, 51, 66, 79. But, in addition to recovery of Plan benefits, Plaintiff also seeks remedies different than those provided under ERISA. *See id*. at ¶¶ 46, 53, 57, 69, 84, and Prayer for Relief (seeking punitive damages, compensatory damages, pre- and post-judgment interest). None of these are damages allowed or permitted under ERISA's civil enforcement provision. *Conover*, 320 F.3d at 1080 ("[n]owhere does [ERISA] allow consequential or punitive damages. Damages are limited to the recovery of 'benefits due . . . under the terms of the plan.'")

---

[6] Humana disputes that Plaintiff has properly alleged a claim for negligent misrepresentation. Nonetheless to preserve the issue, Humana provides authority demonstrating that any such claim is preempted by ERISA.

(citing 29 U.S.C. § 1132(a)). "[A] state cause of action that provides an alternative remedy to those provided by the ERISA civil enforcement mechanism conflicts with Congress' clear intent to make the ERISA mechanism exclusive." *Davila*, 542 U.S. 200, 214, n.4.

Because, as further detailed above, Plaintiff's claims actually seek "as relief the recovery of benefits allegedly owed to [him] by the terms of [the Decedent's] employer-provided plan, these claims against [Humana] conflict with ERISA's remedial scheme and are preempted by ERISA." *Sawyer*, 912 F. Supp. 2d at 1147 (citing *Kidneigh* 345 F.3d at 1184–87); *see also Allison*, 381 F.3d. at 1026 (bad faith breach of contract claim against disability benefits insurance seeking consequential and punitive damages preempted as conflicting with ERISA's remedial scheme). Further, ERISA's authority shall "supersede any and all State laws insofar as they may now or hereafter relate to an employee benefit plan." 29 U.S.C. § 1144(a).

For the reasons described above, Plaintiff's claims all "relate to" an employee benefit plan or attempt to circumvent ERISA's remedial scheme and are thus preempted under Tenth Circuit authorities and the statutory provisions of ERISA. Plaintiff's state law claims should be dismissed under ERISA's expansive preemption.

Generally, such state law causes of action could be converted to an ERISA cause of action or the court would grant leave to file an amended complaint. Here, however, due to Plaintiff's failure to timely and properly exhaust his administrative remedies, dismissal with prejudice is proper because Plaintiff cannot amend to state a cognizable claim under ERISA.

### C.    Plaintiff Has Failed to Exhaust the Plan's Administrative Remedies.

"[E]xhaustion of administrative (i.e., company or plan-provided) remedies is an implicit prerequisite to seeking judicial relief." *Whitehead v. Okla. Gas & Elec. Co.*, 187 F.3d 1184, 1190 (10th Cir. 1999) (quoting *Held*, 912 F.2d at 1206 (10th Cir. 1990)). Failure to exhaust plan-provided remedies is fatal to an ERISA claim. *Id.* "Although ERISA contains no explicit exhaustion requirement, courts have uniformly required that participants exhaust internal claim review procedures provided by the plan before bringing a civil action." *Holmes v. Colo. Coal. for Homeless Long Terminal Disability Plan*, 762 F.3d 1195, 1203 (10th Cir. 2014) (citing *Heimeshoff*, 577 U.S. 99 (2013)).

### 1.    The Plan Documents Require Timely and Complete Exhaustion of Administrative Remedies.

Each of the subject Benefit Components in the Plan, upon which Plaintiff's claims rely, contains the same language regarding exhausting appeals and the timeframe to do so. Humana Decl., Ex. A, pp. 29, 68, 99 ("No lawsuit may be brought with respect to plan benefits until all remedies under the plan have been exhausted"); *id.* at 28, 67, 98 ("A Claimant must appeal an adverse determination within 180 days after receiving written notice of the denial (or partial denial).") (emphasis in original). In addition, the Benefit Components provide that completing the appeals process is mandatory in order for a claimant to exhaust administrative remedies. *Id.* at 29, 68, 99 ("Upon completion of the appeals process under this section, a Claimant will have exhausted his or her administrative remedies under the plan."). Exhaustion of

administrative remedies is a prerequisite under the Plan to challenging a claims decision in court. *Id.* ("After exhaustion of remedies, a Claimant may pursue any other legal remedies available, which may include bringing civil action under ERISA section 502(a) for judicial review of the plan's determination.").

Further, each of the Benefit Components requires that a proper designation be made for the Plan to communicate with a representative on behalf of a participant or beneficiary. The Benefit Components provide:

> A covered person may designate an authorized representative to act on his or her behalf in pursuing a benefit claim or appeal. *The authorization must be in writing and authorize disclosure of health information.* **If a document is not sufficient to constitute designation of an authorized representative, as determined by Humana, the plan will not consider a designation to have been made.** An assignment of benefits does not constitute designation of an authorized representative.

*Id.* at 26, 65, 96 (emphasis added). Plaintiff acknowledges that, following the denial and counsel sending the Notice of Appeal letter, Humana requested additional documentation—the signed AOR form—required by the Plan. Compl., ¶ 27; *see also* Humana Decl., ¶ 8, Ex. D. Neither Plaintiff nor his counsel submitted the required signed AOR form in response to Humana's request and the Plan requirements. *See generally* Compl. (noting the absence of any allegation that the signed AOR form was returned to Humana designating Plaintiff's representative).

Because no designation was made on Plaintiff's behalf, the appeal was deemed invalid and closed. More than 180 days have now passed since Humana denied Plaintiff's initial claim for benefits. Compl., ¶ 21 ("On March 14, 2023, Plaintiff

Sellers received Humana's determination letter denying his claim for benefits under the Humana Policy."). Thus, it is too late to initiate and file a new appeal.

In accordance with the terms of the Benefit Components, Plaintiff must have: (i) filed his appeal within 180 days (Humana Decl., Ex. A, pp. 28, 67, 98), (ii) properly designated a representative to act on his behalf (*id.* at 26, 65, 96), and (iii) completed the appeals process (*id.* at 29, 68, 99), all in order to exhaust the Plan's administrative remedies (*id.*). As Plaintiff failed to timely file an appeal due to his counsel's initial appeal letter being invalid and more than 180 days passing since the original benefits determination (precluding filing a new appeal), Plaintiff cannot complete the appeals process necessary to exhaust the Plan's administrative remedies and, thus, cannot proceed with this action. *See Holmes*, 762 F.3d at 1214 (affirming district court's dismissal of action under ERISA where appeal was time-barred); *Sawyer*, 912 F.Supp 2d at 1152 (granting dismissal while recognizing that plaintiff could not pursue an administrative action against the subject plan because the time limitations period for appeal had passed). Plaintiff's claims should therefore be dismissed with prejudice as he cannot now cure the deficiency.

### 2. No Exception Exists Under the Law to Prevent Plaintiff From Exhausting the Plan's Administrative Remedies.

"Generally, a failure to exhaust will be excused in two limited circumstances — when resort to administrative remedies would be futile or when the remedy

provided is inadequate." *Holmes*, 762 F.3d at 1204 (citing *McGraw v. Prudential Ins. Co. of Am.*, 137 F.3d 1253, 1263 (10th Cir.1998)).[7]

Plaintiff has not alleged, nor can he show, that exhaustion would be futile, or that the administrative remedy available to him would be inadequate. *Sawyer*, 912 F.Supp 2d at 1151 (where plaintiff failed to follow plan's administrative review requirements, "Tenth Circuit law precludes . . . arguing that the review would be futile."). On the contrary, Plaintiff did not complete the appeals process as required by the Plan to exhaust administrative remedies. Plaintiff, utilizing an outside lawyer, timely filed a Notice of Appeal, and Humana promptly notified Plaintiff's counsel that the appeal could not be processed until a signed AOR form was provided demonstrating counsel's authorization to act on behalf of Plaintiff. Compl., ¶¶ 22, 27; *see also* Humana Decl., ¶¶ 7-8, Exs. C, D. This requirement to provide a signed authorization to act on behalf of a covered person is an express requirement under the Plan. Humana Decl., Ex. A, pp. 26, 65, 96. In the Complaint Plaintiff acknowledges receiving the letter from Humana that requested additional information and/or documentation (¶ 27) but, for whatever reason, did not provide the required signed AOR form so that the appeal could be processed. In light of these

---

[7] A third exception also exists which deals with a plan's claims procedures. Department of Labor regulations provide that "claimants are 'deemed to have exhausted' their administrative remedies if a plan has failed to establish or follow claims procedures consistent with the requirements of ERISA." *Id.* (citing 29 C.F.R. § 2560.503-1). This exception is inapplicable as the Plan indisputably includes claims procedures consistent with ERISA requirements and there is no allegation to the contrary.

facts pled in the Complaint and the express language of the Benefit Components, Plaintiff cannot allege (which he did not) that exhaustion would be futile or that the administrative remedy available to him was inadequate. Plaintiff's counsel started to complete the available administrative remedy, but, for whatever reason, failed to complete the process despite receiving notice that the signed AOR form was necessary for the appeal to proceed. Under the facts as pled, no exception to the failure to exhaust could or should apply.

Because of these failures, Plaintiff's "cause of action under ERISA has not accrued." *Sawyer*, 912 F.Supp. 2d at 1150 (citing *Held*, 912 F.2d at 1206). Additionally, Plaintiff has not alleged and cannot show any reasons why Humana's claims and appeals procedures and the requirement of a properly designated authorized representative, which were strictly followed by Humana including requesting a signed AOR from Plaintiff's attorney, should not be upheld. There is no dispute that the denial letter (Humana Decl., Ex. B, pp. 1-3) identified the relevant appeal time period, and there is no dispute that the signed AOR form was requested but not returned (*id.* at Ex. D, pp. 1-5; Compl., ¶ 27). Plaintiff failed to comply with the Plan's requirements that were provided to him for properly designating a representative. *See also id.* at Ex. A, pp. 26, 65, 96. The time for filing an appeal has now passed and, therefore, Plaintiff is unable to complete the appeals process that is required to exhaust his administrative remedies.

**IV.    Conclusion.**

Based on the foregoing, Plaintiff's state law claims (Count I through Count IV) are preempted by ERISA, and he has failed to exhaust his administrative remedies. Humana therefore respectfully requests that Plaintiff's Complaint be dismissed in its entirety and with prejudice as no amendment is possible in order to properly state a claim under ERISA.

Dated this 9th day of August, 2024.

FENNEMORE CRAIG, P.C.
Andrea L. Marconi
2354 E Camelback Road, Suite 600
Phoenix, AZ 85016-9077
602-916-5335
AMarconi@fennemorelaw.com


and

LONG, KOMER & ASSOCIATES, P.A.


*/s/ Mark E. Komer*
Mark E. Komer
P.O. Box 5098
Santa Fe, NM 87502-5098
505-982-8405
mark@longkomer.com
email@longkomer.com

*Attorneys for Defendant Humana Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2024, I filed the foregoing Motion to Dismiss electronically, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

David M. Houliston
david@houlistonlaw.com

*Attorneys for Plaintiff*

Jade Delfin
Bryan C. Garcia
jdelfin@garcialawgroupllc.com
bgarcia@garcialawgrouplls.com

*Attorneys for Defendant*
*Manhattan Life Insurance Company*

                                        */s/ Mark E. Komer*
                                        Mark E. Komer