**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL SELLERS,

Plaintiff,

v. No. 1:24-cv-00162-MIS-GBW

HUMANA INSURANCE COMPANY
and MANHATTAN LIFE INSURANCE
COMPANY,

Defendants.

**ORDER**

**THIS MATTER** is before the Court on Defendant Humana Insurance Company ("Humana")'s Motion to Dismiss, ECF No. 24. Plaintiff filed his Complaint against Defendants Humana and Manhattan Life Insurance Company ("Manhattan") in New Mexico state court on October 17, 2023. ECF No. 1-1. Defendant Manhattan filed its original Notice of Removal in this Court on February 16, 2024, ECF No. 1, and an Amended Notice of Removal on October 14, 2024, ECF No. 34.[1] On August 9, 2024, Defendant Humana moved to dismiss all counts of the Complaint, arguing, *inter alia*, that Plaintiff's state law claims are preempted by ERISA. ECF No. 24. at 2, 7-19. Plaintiff responded on August 23, 2024. ECF No. 27. In his response, Plaintiff requested leave to amend his Complaint to assert claims under ERISA. *Id.* at 3, 14-17. Plaintiff also asserted that the proposed amendments would relate back to the date of the original Complaint. *Id.* at 16-17. Defendant Humana replied on September 6 and argued that "[l]eave to amend should be denied as amendment would be futile." ECF No. 28 at 11 n.8. *See also* ECF No. 24 at 2, 25.

[1] On September 19, 2024, the Court ordered the parties to show cause why the Court should not remand the case owing to deficiencies in the Notice of Removal. ECF No. 30. Both Defendants responded, ECF Nos. 31, 32, and the Court granted Defendant Manhattan leave to amend on October 7, 2024, ECF No. 33.

Pursuant to Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, Plaintiff requested leave to amend (and attached his proposed Amended Complaint) within 21 days after Defendant Humana filed its Motion to Dismiss under Rule 12(b). As such, Plaintiff could have filed his Amended Complaint as a matter of course under Rule 15(a)(1).

Because Plaintiff could have filed the Amended Complaint as a matter of course under Rule 15(a)(1) the Court will **GRANT** Plaintiff leave to amend. Plaintiff shall have **seven days** from the date of this Order to file his Amended Complaint as a separate entry on the docket. Defendant Humana's Motion to Dismiss the original Complaint is accordingly **DENIED WITHOUT PREJUDICE** as moot. The Court takes no position on the Parties' arguments regarding futility of amendment or relation back. Those arguments may be reasserted in a future motion, if appropriate.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE