**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL SELLERS, as Personal Representative
of the Estate of Amber Sellers, Deceased,

    Plaintiff,

v.                                                                              No.1:24-cv-00162-MIS-GBW

HUMANA INSURANCE COMPANY and
MANHATTAN LIFE INSURANCE COMPANY,

    Defendants.

### HUMANA INSURANCE COMPANY'S ANSWER TO
### PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Humana Insurance Company ("Humana"), through its undersigned counsel, for its Answer to Plaintiff Michael Sellers' ("Sellers") Second Amended Complaint (Doc. 59) ("SAC")[1], admits, denies, and alleges as follows:

### PARTIES AND JURISDICTION

1.    On information and belief, Humana admits Sellers resides in Bernalillo County and that Sellers was appointed Personal Representative of the Estate of Amber Sellers in the New Mexico State Court (Case No. D-202-CV-2024-01015). Humana further asserts that Sellers is a named beneficiary under the Humana Multi Benefit Plan (the "Plan"). Except as expressly admitted, Humana denies the remaining allegations set forth in Paragraph 1 of the SAC.

---

[1] Pursuant to the Court's Order Setting Pretrial Deadlines and Briefing Schedule (Doc. 57), Plaintiff was permitted to Amend its First Amended Complaint to re-allege causes of action against only Defendant Manhattan Life. Out of an abundance of caution and to avoid waiver or Humana being prejudiced by failing to respond to the SAC, including its new or different allegations against Manhattan Life and/or the renumbering of prior allegations, Humana respectfully submits this Answer to Plaintiff's Second Amended Complaint.

2.       Humana admits it is a foreign corporation organized under the laws of Wisconsin and further admits that, for purposes other than those alleged against it in the SAC related to the Plan, Humana is authorized by the New Mexico Department of Insurance to do business in the state of New Mexico pursuant to the rules, regulations, and statutes of the State. Except as expressly admitted, Humana denies the remaining allegations set forth in Paragraph 2 of the SAC.

3.       The allegations contained in Paragraph 3 of the SAC are a legal conclusion to which no response is required. To the extent a response is required, Humana denies the allegations set forth in Paragraph 3 of the SAC as service of process on an employee benefit plan is governed by ERISA § 502(d) / 29 U.S.C. § 1132(d).

4.       The allegations contained in Paragraph 4 of the SAC are directed to an entity other than Humana and, therefore, no response is required. To the extent a response is required, Humana is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies the same.

5.       The allegations contained in Paragraph 5 of the SAC are directed to an entity other than Humana and, therefore, no response is required. To the extent a response is required, Humana is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies the same.

6.       Humana is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the SAC and therefore denies the same.

7.       The allegations contained in Paragraph 7 of the SAC are a legal conclusion to which no response is required. To the extent a response is required, Humana denies the allegations set forth in Paragraph 7 of the SAC.

8.  The allegations contained in Paragraph 8 of the SAC are directed to an entity other than Humana and, therefore, no response is required. To the extent a response is required, Humana is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies the same.

9.  Humana admits the allegations set forth in Paragraph 9 of the SAC.

10. Humana admits that, on February 16, 2024, Defendant Manhattan Life Insurance Company removed this action to the Federal District Court for the District of New Mexico prior to Humana being properly served with the initial complaint. Except as expressly admitted, Humana denies the remaining allegations set forth in Paragraph 10 of the SAC.

## GENERAL ALLEGATIONS

11. Humana admits Amber Sellers ("Decedent") was involved in an automobile crash. Humana further admits it denied Sellers' claim for benefits as it relates to certain coverages afforded under the Plan. To the extent the allegations in Paragraph 11 of the SAC allege wrongdoing on Humana's behalf, such allegations are expressly denied. As to the allegations contained in Paragraph 11 of the SAC directed at an entity other than Humana, Humana is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies the same.

12. On information and belief, Humana admits the allegations set forth in Paragraph 12 of the SAC.

13. On information and belief, Humana admits the allegations set forth in Paragraph 13 of the SAC.

14. Humana admits Decedent died on November 19, 2022, following an automobile

crash. Humana is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and therefore denies the same.

15. Humana admits that, at the time of her death, Decedent was a participant in the Plan and enrolled in various coverages. Except as expressly admitted, Humana denies the remaining allegations set forth in Paragraph 15 of the SAC.

16. The allegations contained in Paragraph 16 of the SAC are directed an entity other than Humana and, therefore, no response is required. To the extent a response is required, Humana is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies the same.

17. Humana admits Sellers filed a claim with Humana for benefits under the Plan following Decedent's death in or around December 2022. As to the allegations contained in Paragraph 17 directed at an entity other than Humana, Humana is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies the same. Except as expressly admitted, Humana denies the remaining allegations set forth in Paragraph 17 of the SAC.

18. The allegations contained in Paragraph 18 of the SAC are directed to an entity other than Humana and, therefore, no response is required. To the extent a response is required, Humana is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies the same.

19. Humana admits the allegations set forth in Paragraph 19 of the SAC.

20. On information and belief, Humana admits the allegations set forth in Paragraph 20 of the SAC.

21.     Humana admits that Sellers submitted to it a copy of the Toxicology Report and Coroner's (Autopsy) Report concerning Decedent. Humana is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 21 of the SAC and therefore denies the same.

22.     Humana is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the SAC and therefore denies the same.

23.     Humana admits that Sellers submitted to it a copy of Decedent's Medical Cannabis Card and NM Prehospital Patient Care Report. Humana is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 23 of the SAC.

24.     Humana admits that, on March 14, 2023, it provided letter correspondence to Sellers denying benefits for certain coverages under the Plan. Except as expressly admitted, Humana denies the remaining allegations set forth in Paragraph 24 of the SAC.

25.     Humana admits it received a letter dated July 3, 2023, from the Law Offices of David M. Houliston, entitled Notice of Appeal, which contained claimant, member ID, and group number information. Humana affirmatively asserts that Paragraph 25 of the SAC mischaracterizes the document cited therein, and Humana denies any interpretation or characterization of the language that is incompletely quoted or otherwise taken out of context. Humana further asserts the letter did not satisfy the requirements for appointing a representative as required by Humana and further documentation was requested from Sellers to appoint a representative, including Sellers' signed written authorization appointing Mr. Houliston as his representative. Except as expressly admitted, Humana denies the remaining allegations set forth in Paragraph 25 of the SAC.

26. The allegations contained in Paragraph 26 of the SAC are directed to an entity other than Humana and, therefore, no response is required. To the extent a response is required, Humana is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies the same.

27. The allegations contained in Paragraph 27 of the SAC are directed to an entity other than Humana and, therefore, no response is required. To the extent a response is required, Humana is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies the same.

28. The allegations contained in Paragraph 28 of the SAC are directed to an entity other than Humana and, therefore, no response is required. To the extent a response is required, Humana is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies the same.

29. The allegations contained in Paragraph 29 of the SAC are directed to an entity other than Humana and, therefore, no response is required. To the extent a response is required, Humana is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies the same.

30. Humana admits it received a claim form and other requested documentation from Sellers necessary to process his claim for benefits as it relates to certain coverages afforded under the Plan. To the extent the allegations in Paragraph 30 of the SAC allege wrongdoing on Humana's behalf, such allegations are expressly denied. As to the allegations contained in Paragraph 30 directed at an entity other than Humana, Humana is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies the same.

Except as expressly admitted, Humana denies the remaining allegations set forth in Paragraph 30 of the SAC.

31. The allegations contained in Paragraph 31 of the SAC are a legal conclusion to which no response is required. To the extent a response is required, Humana denies the allegations set forth in Paragraph 31 of the SAC.

32. The allegations contained in Paragraph 32 of the SAC are directed an entity other than Humana and, therefore, no response is required. To the extent a response is required, Humana is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies the same.

33. Humana admits it denied Sellers' claim for benefits under certain coverages afforded under the Plan. To the extent the allegations in Paragraph 33 of the SAC allege wrongdoing on Humana's behalf, such allegations are expressly denied. Except as expressly admitted, Humana denies the remaining allegations set forth in Paragraph 33 of the SAC.

34. The allegations contained in Paragraph 34 of the SAC are directed an entity other than Humana and, therefore, no response is required. To the extent a response is required, Humana is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies the same.

35. The allegations contained in Paragraph 35 of the SAC are a legal conclusion to which no response is required. To the extent a response is required, Humana denies the allegations set forth in Paragraph 35 of the SAC directed against it. As to the allegations contained in Paragraph 35 directed at an entity other than Humana, Humana is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and

therefore denies the same.

36. The allegations contained in Paragraph 36 of the SAC are a legal conclusion to which no response is required. To the extent a response is required, Humana denies the allegations set forth in Paragraph 36 of the SAC directed against it. As to the allegations contained in Paragraph 36 directed at an entity other than Humana, Humana is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies the same.

## COUNT I
## CIVIL ENFORCEMENT
## (As to Defendant Humana)

37. As to Paragraph 37 of the SAC, Humana incorporates its answers, including its admissions, denials, and allegations to the prior paragraphs as if fully set forth herein.

38. Humana admits it is the plan sponsor of the Humana Multi Benefit Plan (the "Plan") to which Decedent was a participant. Humana further admits that Humana Insurance Company of Kentucky and Humana Inc. are the Plan's plan administrator. Except as expressly admitted, Humana denies the remaining allegations set forth in Paragraph 38 of the SAC.

39. The allegations contained in Paragraph 39 of the SAC are a legal conclusion to which no response is required. To the extent a response is required, Humana admits the Plan is an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974, as amended (ERISA) (29 U.S.C. § 1001 *et seq.*).

40. Humana admits Sellers timely filed a claim for benefits related to certain coverages afforded under the Plan. Except as expressly admitted, Humana denies the remaining allegations set forth in Paragraph 40 of the SAC.

41. Humana admits Sellers participated in the initial claim process for benefits related to certain coverages afforded under the Plan. Except as expressly admitted, Humana denies the remaining allegations set forth in Paragraph 41 of the SAC.

42. Humana admits it denied Sellers' claim for benefits under certain coverages afforded under the Plan. To the extent the allegations in Paragraph 42 of the SAC allege wrongdoing on Humana's behalf, such allegations are expressly denied. Except as expressly admitted, Humana denies the remaining allegations set forth in Paragraph 42 of the SAC.

43. The allegations contained in Paragraph 43 of the SAC are a legal conclusion to which no response is required. To the extent a response is required, Humana denies the allegations set forth in Paragraph 43 of the SAC.

44. The allegations contained in Paragraph 44 of the SAC are a legal conclusion to which no response is required. To the extent the allegations in Paragraph 44 of the SAC allege wrongdoing on Humana's behalf, such allegations are expressly denied. To the extent a response is required, Humana denies the allegations set forth in Paragraph 44 of the SAC.

45. The allegations contained in Paragraph 45 of the SAC are a legal conclusion to which no response is required. To the extent the allegations in Paragraph 45 of the SAC allege wrongdoing on Humana's behalf, such allegations are expressly denied. To the extent a response is required, Humana denies the allegations set forth in Paragraph 45 of the SAC.

46. The allegations contained in Paragraph 46 of the SAC are a legal conclusion to which no response is required. To the extent a response is required, Humana denies the allegations set forth in Paragraph 46 of the SAC.

47. The allegations contained in Paragraph 47 of the SAC are legal conclusions to

which no response is required. To the extent the allegations in Paragraph 47 of the SAC allege wrongdoing on Humana's behalf, such allegations are expressly denied. To the extent a response is required, Humana denies the allegations set forth in Paragraph 47 of the SAC.

## COUNT II
## BREACH OF CONTRACT
## (As to Defendant Manhattan Life)

48. As to Paragraph 48 of the SAC, Humana incorporates its answers, including its admissions, denials, and allegations to the prior paragraphs as if fully set forth herein.

49. – 57. The allegations contained in Paragraphs 49 through 57 of the SAC are directed an entity other than Humana and, therefore, no response is required. To the extent a response is required, Humana is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 49 through 57 and therefore denies the same.

## COUNT III
## BAD FAITH
## (As to Defendant Manhattan Life)

58. As to Paragraph 58 of the SAC, Humana incorporates its answers, including its admissions, denials, and allegations to the prior paragraphs as if fully set forth herein.

59. – 68. The allegations contained in Paragraphs 59 through 68 of the SAC are directed an entity other than Humana and, therefore, no response is required. To the extent a response is required, Humana is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 59 through 68 and therefore denies the same.

## COUNT IV
## UNFAIR CLAIMS PRACTICES ACT
## (As to Defendant Manhattan Life)

69. As to Paragraph 69 of the SAC, Humana incorporates its answers, including its

admissions, denials, and allegations to the prior paragraphs as if fully set forth herein.

70. – 76.   The allegations contained in Paragraphs 70 through 76 of the SAC are directed an entity other than Humana and, therefore, no response is required. To the extent a response is required, Humana is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 70 through 76 and therefore denies the same.

77.   Humana denies each and every allegation in Sellers' SAC not specifically admitted herein.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Humana incorporates its answers, including its admissions, denials, and allegations to Paragraphs 1 through 77 as if fully set forth herein.

Humana denies any liability to Sellers and denies Sellers is entitled to any of the relief sought, including monetary and equitable relief, and as it relates to an award of Plaintiff's attorneys' fees or and costs. Humana requests Sellers take nothing by way of his Second Amended Complaint and that judgment be entered in Humana's favor.

## HUMANA'S AFFIRMATIVE DEFENSES

1.   The SAC, or portions thereof, fail to state a claim against Humana upon which relief may be granted against Humana.

2.   The determination of benefits payable under the Plan was made according to the terms and conditions of the Plan and was reasonable, consistent with the terms of the Plan, and not arbitrary, capricious, or erroneous as a matter of law.

3.   The benefits payable under the Plan, if any, are limited by the terms of the Plan, including without limitation, the limitations and exclusions contained therein.

4. The terms of the Plan grant the plan administrator discretionary authority to interpret the Plan and make determinations regarding the availability of benefits that are not subject to judicial modification absent a showing of an abuse of discretion.

5. Sellers has failed to satisfy conditions precedent prior to initiating this action, including, but not limited to, exhausting his and/or the Plan's administrative remedies.

6. Sellers' claims are either governed by ERISA or preempted by ERISA and therefore subject only to the statutory relief provided therein, if any.

7. Sellers has failed to name the Plan and the plan administrator as a party to this action pursuant to ERISA § 502(d) / 29 U.S.C. § 1132(d).

8. The Estate of Amber Sellers is not a beneficiary under the Plan and therefore this action is not being prosecuted by the real party in interest.

9. To the extent applicable, Sellers' claims against Humana are barred in whole or in part by the doctrines of estoppel, laches, waiver, and/or unclean hands.

10. None of the actions described in the SAC constitute a violation of Sellers' constitutional or statutory rights by Humana.

11. Sellers' claims are barred from recovery on the basis that Humana has acted in good faith and done everything reasonably expected of it pursuant to the covenants, terms, or conditions of any agreement, including, without limitation, the Plan, except as prevented, excused, excluded, waived, or offset by the acts, omissions, or conduct of Sellers, Decedent, or other third parties.

12. Sellers' damages, if any, were not proximately caused by Humana, but were the proximate result of an intervening or superseding cause of circumstances, which Humana could

not have reasonably foreseen and for which Humana is not responsible.

13. To the extent applicable, Sellers' alleged damages, which are specifically denied, are barred or reduced to the extent Sellers failed to mitigate such damages. Sellers' claims against Humana may be barred or reduced by an independent and intervening cause.

14. The acts or omissions of Humana were not a proximate cause of Sellers' alleged injury or damages.

15. Sellers' claims against Humana may be barred or reduced for any injuries or damages attributable to the acts or omissions of Sellers, Decedent, or other parties or third parties.

16. Humana has not knowingly waived any defenses under Rules 8(c) or 12(b) of the Federal Rules of Civil Procedure (FED. R. CIV. P.). Humana reserves the right to assert additional affirmative or other defenses, which may become known during discovery or as they may arise through the course of the proceedings or investigation, including, but not limited to the affirmative defenses available under FED. R. CIV. P. Rule 8.

Humana further reserves the right to amend its Answer to Plaintiff's Second Amended Complaint to assert such additional affirmative defenses as may be necessary.

**WHEREFORE**, having fully answered Plaintiff Michael Sellers' Second Amended Complaint, Humana respectfully requests that this Court:

a. Enter judgment in favor of Humana and against Sellers on the Second Amended Complaint;

b. Award Humana its reasonable attorney's fee and costs of action pursuant to ERISA § 502(g)(1) / 29 U.S.C. § 1132(g)(1); and

      c.      Grant such other and further relief as it may deem just and proper.

Respectfully submitted,

LONG, KOMER & ASSOCIATES, P.A.

*/s/ Mark E. Komer*
Mark E. Komer
P.O. Box 5098
Santa Fe, NM 87502-5098
505-982-8405
mark@longkomer.com; email@longkomer.com

and

FENNEMORE CRAIG, P.C.
Andrea L. Marconi
David L. Sieck
2354 E Camelback Road, Suite 600
Phoenix, AZ 85016-9077
602-916-5335
amarconi@fennemorelaw.com
dsieck@fennemorelaw.com

*Attorneys for Defendant Humana Insurance Company*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 14, 2025, I filed the foregoing Humana Insurance Company's Answer to Plaintiff's Second Amended Complaint electronically, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

David M. Houliston
david@houlistonlaw.com
*Attorneys for Plaintiff*

Bryan C. Garcia
Jessica Czajkowski
bgarcia@garcialawgroupllc.com
jczajkowski@garcialawgroupllc.com

*Attorneys for Defendant
Manhattan Life Insurance Company*

                                                       */s/ Mark E. Komer*
                                                       Mark E. Komer

51425459