**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MICHAEL SELLERS, as Personal Representative
of the Estate of Amber Sellers, Deceased,

     Plaintiff,

v.                                  No.1:24-cv-00162-SMD-GBW

HUMANA INSURANCE COMPANY and
MANHATTAN LIFE INSURANCE COMPANY,

     Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
HUMANA INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Defendant Humana Insurance Company ("Humana"), pursuant to Federal Rules of Civil

Procedure ("FED. R. CIV. P.") Rule 56, and D.N.M.LR-Civ. 56., submits this Memorandum of Law

in Support of Its Motion for Summary Judgment.

## I.     <u>INTRODUCTION</u>

This lawsuit arises out of Humana's denial of accidental death benefits to Plaintiff. Humana

seeks an order affirming its determination that Plaintiff failed to exhaust his administrative

remedies and cannot pursue this action, or, in the alternative, if it is determined that Plaintiff did

exhaust his administrative remedies, that Humana's decision was reasonable and not arbitrary and

capricious.

Humana maintains an employer-sponsored ERISA-governed welfare benefit plan covering

its employees. Plaintiff's spouse, a Humana employee, was covered under three separate policies

provided under Humana's plan, including basic life, voluntary life, and business travel accident.

The policies provide benefits for bodily injury or accidental death of a Humana employee.

Plaintiff's spouse died as the result of an automobile crash in November 2022. Following the death of his spouse, Plaintiff, as a beneficiary, submitted a claim for accidental death benefits to Humana. The toxicology report received by Humana with Plaintiff's claim and other information showed Plaintiff's spouse had THC in her system at the time of her death and was impaired at the time of the crash. Humana thereafter denied Plaintiff's claim for benefits based on a plan limitation excluding coverage for benefits resulting from driving while legally intoxicated. Humana sent Plaintiff a benefit denial letter informing him of the determination and provided him with his appeal rights. ERISA requires a claimant be allowed to appeal an adverse benefit determination.

Following the benefit denial, Plaintiff's now known attorney sent a letter to Humana attempting to appeal the denial of benefits, including a demand for policy limits. Upon receiving the correspondence, Humana advised counsel that Plaintiff had not properly authorized him to act on his behalf under the policies or plan and Humana needed additional information confirming his authorization. Humana provided counsel with correspondence detailing the requirements necessary to make a valid authorization, including, among other things, the need for Plaintiff's signature. Humana also provided an appointment of representation form which could be completed and signed by Plaintiff meeting Humana's requirements for authorizing an individual to act on his behalf. The correspondence also identified other forms that would be satisfactory to confirm counsel's authorization, in lieu of the appointment form. Neither Plaintiff nor counsel responded. Humana could not sustain the attempt to appeal based on the unauthorized request and closed the matter. This lawsuit followed.

Under the terms of the Humana plan, policies, and relevant case law, a claimant must exhaust his administrative remedies, which includes completing the plan's internal appeals

process, prior to initiating a lawsuit for denied benefits. ERISA requires this step to permit uniformity in decisions by plan administrators, to dissuade costly litigation, and to allow the record to fully develop before a suit is brought. Because Plaintiff failed to complete this crucial step and did not appeal Humana's determination, thereby exhausting his administrative remedies, he is barred from bringing this action. While this result may seem exacting based upon Plaintiff failing to properly authorize his counsel to act, it is more than a technical requirement and is well-grounded. ERISA permits Humana's authorization requirement to ensure claimants are aware of who is acting on their behalf and to permit sharing of protected health information only when allowed.

Because Plaintiff failed to exhaust his administrative remedies, he cannot maintain this action and Humana is entitled to judgment as a matter of law.

Notwithstanding the foregoing, even if the Court finds that Plaintiff exhausted his administrative remedies and can maintain this action (which he did not and cannot), this Court should uphold Humana's original claim determination. The plan grants Humana discretionary authority to determine eligibility and entitlement to benefits. Accordingly, the question before the Court then becomes whether Humana's determination that Plaintiff's spouse was driving under the influence, including based on the toxicology report's positive finding of THC and information in the crash report demonstrating impairment, was reasonable on some basis or whether it was arbitrary and capricious. Humana's interpretation of its plan and its decision to deny benefits using the discretion afforded to it was reasonable and not arbitrary or capricious.

## II.    STATEMENT OF MATERIAL FACTS

### A.    Background.

1.      Amber Sellers ("Decedent") was an employee of Humana Insurance Company. (AR 179).[1]

2.      On November 19, 2022, Decedent died as the result of an automobile crash. (AR 169, 174, 177, 192, 206).

3.      At the time of her death and by virtue of her employment, Decedent was a participant in the Humana Multi Benefit Plan (the "Plan"), an employer-sponsored welfare benefit plan offered and maintained by Humana. (AR 1-57, 180).

### B.    Plan Terms.

4.      The Plan is an "employee welfare benefit plan" pursuant to 29 U.S.C. § 1002(1) and is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*

5.      The Plan is comprised of benefit components which include, as relevant to this case: Basic Life Insurance and Accidental Death and Bodily Injury coverage, Voluntary Life Insurance and Accidental Death and Bodily Injury coverage, and Business Travel Accident coverage (the "Benefit Components").[2] (AR 2, 58-90, 91-129, 130-161).

---

[1] The Administrative Record in this case (Docs. 61-61-3) consists of Humana's claim file, which contains 231 pages in numerous volumes, and is designated by Humana in this Motion as the AR with the appropriate page number, without reference to volume or ECF document number.

[2] The Second Amended Complaint improperly attributes the Benefit Components to Defendant Manhattan Life Insurance Company. (Doc. 59, ¶ 28). Indeed, the March 14, 2023, letter that Plaintiff claims he received from Humana with the denial of benefits explicitly references the Benefit Components and attributes them to Humana. *Id*. at ¶ 24; AR 215.

6.     The Plan is administered by Humana Inc. and benefits under the Benefit Components are provided by insurance through Humana. (AR 46, 44).

7.     The Plan grants Humana Inc. as the plan administrator the "sole discretionary authority to interpret the Plan to make eligibility and benefit determinations as it may determine in its sole discretion" as well as "the discretionary authority to make factual determinations as to whether any individual is entitled to receive any benefits under the Plan." (AR 48).

8.     Relevant here, the Plan through the Benefit Components' policies explicitly exclude coverage for accidental death "resulting from…driving while legally intoxicated." (AR 73, 112, 142).

9.     In pursuing a claim or appeal, a claimant may designate an "<u>authorized representative</u> to act on his or her behalf." (AR 83, 122, 153) (underline in original).

10.     The required authorization "must be in writing and authorize the disclosure of health information" if a document attempting to make an authorization "is not sufficient to constitute a designation of an authorized representative, as determined by Humana, the Plan will not consider a designation to have been made." (*Id*.).

11.     Appeals of adverse benefit determinations must be made within "<u>180 days</u> after receiving written notice of the denial (or partial denial). (AR 85, 124, 155) (underline in original).

12.     "Upon completion of the appeals process…a Claimant will have exhausted his or her administrative remedies under the Plan." (AR 86, 125, 156).

13.     After a claimant has exhausted their administrative remedies, and only after, can "a Claimant pursue any other legal remedies available [including] bringing [a] civil action under ERISA Section 502(a). (*Id*.).

*Memorandum of Law In Support Of*
*Humana Insurance Company's Motion for Summary Judgment*

14.    The Plan through the Benefit Components stipulates that "[n]o lawsuit may be brought with respect to plan benefits until all remedies under the plan have been exhausted." (*Id*.).

**C.    Plaintiff's Claim.**

15.    On or around December 20, 2023, Plaintiff Michael Sellers ("Plaintiff") submitted his claim documentation (consisting of the claim forms, crash report, and death certificate) for all benefits available to him under the Plan to Humana Inc., which was then presented to Humana for processing. (AR 162-178, 181).

16.    On January 5, 2023, Humana paid Plaintiff's claim for Basic Life Insurance and Voluntary Life Insurance totaling $334,000.00, noting that benefits under the Basic and Voluntary Accidental Death Benefits were "Pending for Reports." (AR 211-213).

17.    Thereafter, Plaintiff submitted the toxicology report, autopsy report, prehospital care report, and a copy of Decedent's medical cannabis card to Humana Inc., which was then presented to Humana for processing. (AR 182-198).

18.    On March 14, 2023, following review of the above additional documents, Humana denied Plaintiff's claim for the remaining available benefits under the Basic Accidental Death, Voluntary Accidental Death, and Business Travel Accident policies, stating that the policies do not cover driving while legally intoxicated, citing to the toxicology report in support. (AR 73, 112, 142, 199-210, 215-218). Humana also noted that, under New Mexico law, participating in a use of medical cannabis program by a qualified participant does not relieve individuals from liability arising out of operating a motor vehicle while under the influence of cannabis. (AR 215).

19.    The claim denial notice also provided Plaintiff with notification of his appeal rights related to Humana's decision and informed him all appeals "must be sent within 180 days of the

*Memorandum of Law In Support Of*
*Humana Insurance Company's Motion for Summary Judgment*

date [Plaintiff] receive[d] the denial" and that he must have "exhausted [his] ERISA appeal rights" before bringing a "civil action under Section 502(a) of [ERISA]." (AR 217).

20.    On July 3, 2023, following Humana's denial of benefits for the Basic Accidental Death, Voluntary Accidental Death, and Business Travel Accident, Plaintiff's now known attorney, Mr. Houliston, submitted a letter entitled "Notice of Appeal" to Humana and demanded policy limits under the applicable coverages. (AR 221-222) (the "Notice of Appeal").

21.    On July 24, 2023, in response to the Notice of Appeal letter, Humana advised Plaintiff's counsel via letter that, pursuant to the Plan's terms, in order to process the request for counsel to act on Plaintiff's behalf in pursuing the appeal, Humana must have written authorization signed by Plaintiff (as the member's beneficiary). (AR 225-229).

22.    Humana's correspondence advised Plaintiff's counsel that he and Plaintiff could either "complete the enclosed Appointment of Representation (AOR) form to provide that authorization" or "if already authorized to act" send documentation to that effect. (*Id.*).

23.    Humana's correspondence listed the items necessary for an authorization to be valid, including the manner of signature to constitute valid authorization (an electronic signature is not valid and the signature must be on or after the date of the denial). (*Id.*).

24.    Following transmittal of the July 24, 2023, correspondence, Humana did not receive any further communications from Plaintiff or his counsel regarding the appeal, the returned AOR form, or a substitute form providing authorization. (AR 1-231 noting the absence of any responsive documentation).

25.    As no further response was received related to the July 3, 2023, Notice of Appeal letter, Humana closed the appeal as invalid. (AR 223).

26.    The appeals process was not completed because Plaintiff failed to provide documentation properly appointing counsel to act on his behalf (the AOR form or a substitute), never submitted an appeal on his own behalf, and failed to exercise his appeal rights within the required 180-day period. (AR 217, 225-229).

### III.    LEGAL ARGUMENT AND AUTHORITY

#### A.    Summary Judgment Standard.

Summary judgment is appropriate when the moving party can demonstrate that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). When the Court is presented with cross motions for summary judgment, each motion is generally viewed separately "in the light most favorable to the non-moving party, [drawing] all reasonable inferences in that party's favor." *United States v. Supreme Ct. of N.M.*, 839 F.3d 888, 906-07 (10th Cir. 2016) (quotations omitted). However, in an ERISA case where both parties move for summary judgment, "the factual determination of eligibility of benefits is decided solely on the administrative record, and the non-moving party is not entitled to the usual inferences in its favor." *LaAsmar v. Phelps Dodge Corp. Life, Accidental Death & Dismemberment & Dependent Life Ins. Plan*, 605 F.3d 789, 796 (10th Cir. 2010) (citation omitted).

"The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Teets v. Great-W. Life & Annuity Ins. Co.*, 921 F.3d 1200, 1211 (10th Cir. 2019) (quoting *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007). "Where, as here, the parties file cross motions for summary judgment, [the court is] entitled to assume that no evidence needs to be

considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts." *James Barlow Family Ltd. Partnership v. David M. Munson, Inc.,* 132 F.3d 1316, 1319 (10th Cir. 1997), *cert. denied*, 523 U.S. 1048 (1988). The nonmoving party must then "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197-98 (10th Cir. 2000) (internal citation omitted).

Even drawing all inferences in favor of Plaintiff, he cannot demonstrate a genuine dispute as to any material fact exists, nor can he show that Humana is not entitled to judgment as a matter of law.

**B.    Humana is Entitled to Judgment as a Matter of Law Because Plaintiff Failed to Exhaust the Plan's Administrative Remedies.**

Plaintiff failed to exhaust his administrative remedies available under the terms of the Plan and cannot do so now. In order to exhaust his administrative remedies, Plaintiff was required to appeal Humana's denial of the Basic Accidental Death, Voluntary Accidental Death, and Business Travel Accident benefits (AR 86, 125, 156) within 180 days from the date of the denial and complete the appeals process. (AR 85, 124, 155). Because of this failure, Plaintiff's claim cannot proceed, and Humana is entitled to judgment as a matter of law.

"[E]xhaustion of administrative (i.e., company or plan-provided) remedies is an implicit prerequisite to seeking judicial relief." *Whitehead v. Okla. Gas & Elec. Co.*, 187 F.3d 1184, 1190 (10th Cir. 1999) (quotation omitted); *McGraw v. Prudential Ins. Co. of Am.*, 137 F.3d 1253, 1263 (10th Cir.1998). Failure to exhaust plan-provided remedies is fatal to an ERISA claim. *Id.* "Although ERISA contains no explicit exhaustion requirement, courts have uniformly required that participants exhaust internal claim review procedures provided by the plan before bringing a

civil action." *Holmes v. Colo. Coal. for Homeless Long Terminal Disability Plan*, 762 F.3d 1195, 1203 (10th Cir. 2014) (citing *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 105 (2013)). Courts have done so as a matter of policy, comporting with "the exhaustion doctrine permeating all judicial review of administrative agency action" and "align[ing] with ERISA's overall structure of placing primary responsibility for claim resolution on fund trustees." *McGraw*, 137 F.3d at 1263. The doctrine "is necessary to keep from turning every ERISA action, literally, into a federal case." *Denton v. First Nat'l Bank of Waco, Texas*, 765 F.2d 1295, 1300 (5th Cir.1985).

Plaintiff did not timely file an appeal on his own behalf. Plaintiff's counsel's attempt to file an appeal was determined to be invalid (because Plaintiff did not provide a signed authorization to Humana for him to act), and more than 180 days have passed since the date of the original claim denial, barring this action from proceeding. *See Holmes*, 762 F.3d at 1214 (affirming grant of summary judgment and holding plaintiff "was required to exhaust her administrative remedies before filing th[e] action" and her "claim under ERISA is barred."). Humana is entitled to summary judgment on this issue.

### 1.    The Plan Documents Require Timely and Complete Exhaustion of Administrative Remedies.

Each of the subject Benefit Components in the Plan, upon which Plaintiff's claim relies, contains the same language regarding exhausting appeals and the timeframe to do so. (AR 86, 125, 156) ("No lawsuit may be brought with respect to plan benefits until all remedies under the plan have been exhausted"); (AR 85, 124, 155) ("A Claimant must appeal an adverse determination within <u>180 days</u> after receiving written notice of the denial (or partial denial).") (underline in original). In addition, the Benefit Components provide that completing the appeals process is

mandatory in order for a claimant to exhaust administrative remedies. (AR 86, 125, 156) ("Upon completion of the appeals process under this section, a Claimant will have exhausted his or her administrative remedies under the plan."). Exhaustion of administrative remedies is a prerequisite under the Plan to challenging a claims decision in court. *Id.* ("After exhaustion of remedies, a Claimant may pursue any other legal remedies available, which may include bringing civil action under ERISA section 502(a) for judicial review of the plan's determination.").

Therefore, at a minimum, in order to exhaust the Plan's administrative remedies Plaintiff, in accordance with the terms of the Plan and the Benefit Components, must have: (i) filed his appeal within 180 days (AR 85, 124, 155), and (ii) completed the appeals process (AR 86, 125, 156). Plaintiff failed to do so and therefore did not exhaust his administrative remedies (AR 1-231, noting the absence of any other appeal attempts from Plaintiff or his counsel), Humana is entitled to summary judgment on this issue.

> **2.      The Plan Documents and Law Require Proper Designation of an Authorized Representative if One is to be Utilized.**

In accordance with ERISA, the Benefit Components (i.e., Plan) provide:

> A covered person may designate an <u>authorized representative</u> to act on his or her behalf in pursuing a benefit claim or appeal. *The authorization must be in writing and authorize disclosure of health information.* ***If a document is not sufficient to constitute designation of an authorized representative, as determined by Humana, the plan will not consider a designation to have been made*** …

(AR 83, 122, 153) (underline in original, bold and italics for emphasis).

ERISA's regulations specify that an employee benefit plan must "establish and maintain reasonable procedures governing the filing" of claims and appeals and cannot "preclude an authorized representative of a claimant from acting on behalf of such claimant in pursuing a benefit claim or appeal…" 29 C.F.R. § 2560.503-1(b)(4). "Nevertheless, *a plan may establish reasonable*

*procedures for determining whether an individual has been authorized to act on behalf of a claimant. . ." Id.* (emphasis added). The Plan's language comports with ERISA's requirements. Humana's policy and procedures for designating a representative were outlined to Plaintiff and his counsel in the July 24 letter. (AR 226-227) ("To be valid the authorization must include[:]" the "Member's name, identification number, and signature[;]" the "Date of member's signature" (on or after the date of the denial); and the "Authorized Representative's name, address, and telephone number."). Additionally, the letter advised that if an individual were already authorized to act as an authorized representative, Plaintiff or his counsel could submit "a copy of the documentation. . . instead of the enclosed form."). (*Id.*). The Notice of Appeal submitted by Plaintiff's counsel (AR 221), did not contain all of this requisite information; in particular, Plaintiff's signature dated on or after the date of the denial. (*Id.*) (noting absence of Plaintiff's signature).

Plaintiff alleges that his Notice of Appeal was sufficient in all material respects to the Plan requirements. (Doc. 59, ¶ 25). Humana, however, exercising its reserved discretion, advised Plaintiff and his counsel that the Notice of Appeal <u>did not meet</u> the Plan requirements and requested additional information. (AR 226-227). Seven days after counsel submitted the Notice of Appeal, Humana sent the July 24, 2023, letter advising counsel, "***To process your request***, we must have written authorization, ***signed by the member's beneficiary***. Please complete the enclosed Appointment of Representation (AOR) form to provide that authorization." (AR 226-227) (emphasis added).[3] Humana enclosed the AOR form with Plaintiff's name filled in as the beneficiary and included "Beneficiary Michael Sellers" below the signature line. (*Id.*). Neither Plaintiff nor his counsel responded to Humana to provide the signed AOR form even though

---

[3] Unless otherwise indicated, all emphasis is added.

Plaintiff's counsel advised Humana to "let [him] know if you require any additional information." (AR 221). Alternatively, Plaintiff could have submitted an appeal on his own without utilizing a representative ("a covered person **may** designate an "<u>authorized representative</u> to act on his or her behalf"), but he did not. (AR 83, 122, 153) (bold and italics added, underline in original).

### a.    Humana's signature requirement is reasonable and necessary.

The Plan's procedure for requiring an authorized representative complies with ERISA and HIPAA[4] and ensures the beneficiary (here, Plaintiff) is aware of the designation being made. The Plan notifies claimants that "[c]ircumstances may arise under which an authorized representative may make decisions independent of the covered person" (AR 83, 122, 153) and through its July 24 letter Humana informed Plaintiff of his rights regarding the authorized representative designation. *See* (AR 228) (including revoking the designation, the duration of the designation, and the disclosure of information occurring as a result of the designation). The AOR form is not an absolute requirement for designating a representative; however, a completed and signed AOR form designating a representative would be accepted by the Plan. If Plaintiff or his counsel wished to provide an alternative form that included Plaintiff's signature and his authorization to release medical information, they could have inquired with Humana about what may be accepted. Humana included contact information in the July 24 letter for any questions. *See* (AR 226-227). Plaintiff and his counsel chose to disregard this assistance and did not respond or inquire in any way.

Prior to receiving the Notice of Appeal, Humana had only communicated with Plaintiff, not his lawyer, regarding the claim for benefits. Plaintiff had previously submitted a signed beneficiary form and affidavit as the Decedent's designated beneficiary. (AR 181). In order to

---

[4] Health Insurance Portability and Accountability Act of 1996. 45 C.F.R. §§ 160-164.

discuss a claim, appeal, or release protected health information ("PHI") to a third party, Humana, in accordance with its "reasonable procedures," must be in receipt of a proper authorization form containing the participant or beneficiary's signature. (AR 226). Humana's signature requirement is two-fold.

*First*, Humana cannot simply take the word of a third party (especially one it has never dealt with) that it is "authorized" on behalf of a participant or beneficiary. Humana, as a fiduciary, has a duty to only pay and settle claims with the intended recipient. 29 U.S.C. § 1104(a)(1)(A)(i) ("a fiduciary shall discharge his duties…for the exclusive purpose of… providing benefits to participants and their beneficiaries…"). This includes Plaintiff, even if no funds are due.

*Second*, "a covered entity may not use or disclose PHI without an authorization that is valid under" under HIPAA. 45 C.F.R. § 164.508(a)(1). Plaintiff alleges that the Notice of Appeal "provided reference to Ms. Sellers' medical information." (Doc. 59, ¶ 25). However, this is insufficient to meet HIPAA's requirements. To be valid, the form must meet certain criteria, including in relevant part, the authorization must contain the "[s]ignature of the individual and date." 45 C.F.R. § 164.508(c)(1)(vi). The Notice of Appeal was absent of Plaintiff's signature. (AR 221). Pursuant to 45 C.F.R. § 164.502(g)(4), a covered entity (such as Humana) "must treat" a person authorized to act "on behalf of a deceased individual or of the individual's estate . . . as a personal representative . . . with respect to personal health information relevant to such personal representation." Therefore, Plaintiff's signature as (Decedent's beneficiary) was necessary under the law before any information could be released to Plaintiff's counsel and before he could act on Plaintiff's behalf.

Humana, applying its reasonable procedures and discretion, promptly notified Plaintiff's counsel that the Notice of Appeal was insufficient. (AR 226-227). Humana then provided Plaintiff's counsel with the AOR form for completion and signature as authorization. (AR 228).

**3.    Plaintiff Failed to Properly Designate an Authorized Representative and Therefore Did Not Appeal the Claim Denial.**

This Court (through Judge Strickland) has already determined that "the Notice of Appeal Letter did not properly designate [Plaintiff's counsel] as Plaintiff's authorized representative, and thus did not in fact initiate an appeal." (Doc. 47, p. 11). In ruling on Humana's Motion to Dismiss (Doc. 47), Judge Strickland was limited to the Complaint and the documents referenced therein, finding "what is clear is that the Notice of Appeal Letter did not initiate an appeal. It is *not* clear that Plaintiff did not otherwise appeal the benefit denial and exhaust his administrative remedies." *Id*. (emphasis in original). With the full Administrative Record now before the Court, it can conclusively be determined that Plaintiff did not "otherwise appeal" the denial and that Humana is entitled to summary judgment. As Judge Strickland noted in the Motion to Dismiss Order, "Plaintiff will have the ultimate burden of persuasion on the issue of exhaustion…." (Doc. 47, pp. 10-11). Plaintiff cannot dispute the unequivocal fact that neither he nor his lawyer took any other action to appeal the denial and thus cannot meet his burden of persuasion to show that he exhausted his administrative remedies as required.

Other district courts within the Tenth Circuit have resolved similar issues on summary judgment. In *C.L. on behalf of H.L. v. Newmont USA Ltd.*, No. 2:18-cv-00192, 2020 WL 3414807, (D. Utah June 22, 2020), the plaintiff was denied certain benefits under the subject plan and similar to the present facts, the plan permitted an "authorized representative" to file an appeal. *Id*. at *2, 4. Plaintiff's provider submitted an appeal by way of an assignment of benefits and plaintiff was

later notified that, in order to satisfy the plan's criteria for designating a representative, the plan required, among other things, a written form signed by the plaintiff. *Id.* at *2. As here, the plan notified plaintiff by letter after receiving the provider's notice of appeal that "[i]f you want this person to submit the appeal for you, please fill out and sign the form that's included with this letter and return it to us." *Id.* Thereafter, neither plaintiff nor her provider returned the required signed form and, after several months and belatedly filing a second appeal request, filed suit in federal court. *Id.* at *3. The court in *C.L.* found that "[a]t the time it submitted the appeal, [the provider] was not an authorized representative and therefore had no right or ability under the terms of the Plan to appeal…" dismissing plaintiff's ERISA claims on summary judgment for failure to exhaust administrative remedies. *Id.* at *5. ; *see also L.E. v. Deseret Mut. Benefit Administrators*, No. 2:20-cv-00707-RJS-DBP, 2023 WL 4083381, at *9 (D. Utah June 20, 2023) ("*L.E.*") (holding plaintiff failed to "properly designate her counsel as an authorized representative" when she did not return written statement requested by the plan.). Plaintiff may attempt to argue his case is analogous to *L.E.* and that his failure to exhaust should be excused. 2023 WL 4083381. *L.E.*, however, varies in stark contrast to the facts here. In *L.E.*, the plaintiff's attorney filed an appeal; however, the attorney was not an authorized representative. *Id.* at *8. In response, the plaintiff "submitted a form giving her counsel broad access to her medical records." *Id.* at *9. The plaintiff in that case and Deseret then exchanged other communications and, after Deseret went silent, the plaintiff then filed suit. *Id.* Here, Plaintiff provided nothing following Humana's request for authorization. The facts here are more analogous to *C.L.*, where summary judgment was granted. 2020 WL 3414807.

Plaintiff fails to acknowledge that Humana attempted to remedy the issue immediately after receipt of the Notice of Appeal letter by requesting additional documentation—the signed AOR

form—required by the Plan. (AR 226-228). But neither Plaintiff nor his counsel took any further steps to remedy the deficiency or submit a new appeal.

Although this outcome may appear technical at first glance, the remedy is appropriate and maintains the reasonable procedures set forth by the Plan. This matter does not come down to the failure to provide a signature, but rather ensuring that the Plan is uniformly administered to all participants and beneficiaries and ensuring the Plan's compliance with ERISA's regulations (29 C.F.R. § 2560.503-1(b)(4)) and the HIPAA privacy rule (45 C.F.R. § 164.508(a)(1)).

**C.    No Exception Exists Under the Law to Prevent Plaintiff From Exhausting the Plan's Administrative Remedies.**

"Generally, a failure to exhaust will be excused in two limited circumstances — when resort[ing] to administrative remedies would be futile or when the remedy provided is inadequate." *Holmes*, 762 F.3d at 1204 (citing *McGraw*, 137 F.3d 1253, 1263 (10th Cir.1998)). A third exception also exists which deals with a plan's claims procedures. Department of Labor regulations provide that "claimants are 'deemed to have exhausted' their administrative remedies if a plan has failed to establish or follow claims procedures consistent with the requirements of ERISA." *Id.* (citing 29 C.F.R. § 2560.503-1). "The burden on a party seeking to escape exhaustion…is a heavy one, as that party is charged with making a 'clear and positive' showing of futility." *Coonen v. Sandia Corp.*, No. 1:04-CV-01035-MCA-ACT, 2005 WL 3041341, at *4 (D.N.M. Aug. 30, 2005) *(citing Fizer v. Safeway Stores, Inc.,* 586 F.2d 182, 183 (10th Cir. 1978)).

Plaintiff cannot demonstrate that exhaustion would be futile, as no facts exist in the Administrative Record to that effect. *Sawyer v. USAA Ins. Co.*, 912 F. Supp. 2d 1118, 1151 (D.N.M. 2012) (where plaintiff failed to follow plan's administrative review requirements, "Tenth Circuit law precludes . . . arguing that the review would be futile."); *see also Coonen,* 2005 WL

3041341, at 5* ("the denial of initial claims…is not enough to show futility of internal Plan remedies.") (citation omitted). Similarly, Plaintiff cannot prove that the administrative remedy available to him would be inadequate, as he initially attempted to complete the process and the appeal process would have permitted him to submit any additional documentation he needed to substantiate his claim. Finally, the deemed exhaustion exception is also inapplicable because the Plan indisputably includes claims procedures consistent with ERISA requirements and has followed them as stated, specifically including the signature requirement for an authorized representative. Plaintiff cannot have it both ways, that is, arguing that Humana failed to follow its claims and appeal procedures, but also followed them too narrowly. Humana's claim and appeal procedures comply with the requirements codified at 29 C.F.R. § 2560.503-1, including allowing Humana to "establish reasonable procedures for determining whether an individual has been authorized to act on behalf of" a participant or beneficiary. *Id.* at (b)(4).

      As the Administrative Record demonstrates, Plaintiff did not complete the appeals process as required by the Plan to exhaust his administrative remedies. Plaintiff, utilizing an outside lawyer, filed a Notice of Appeal, and Humana promptly notified Plaintiff's counsel that the appeal could not be processed until a signed AOR form, or a substitute designation was provided, demonstrating Plaintiff's authorization for counsel to act on his behalf. (AR 221, 226-228). The requirement to provide a signed authorization to act on behalf of a covered person is an express requirement under the Plan, (AR 83, 122, 153) and it complies with ERISA and HIPPA. Plaintiff did not provide the required signed AOR form or other signed authorization so that the appeal could be processed. Plaintiff cannot now allege that exhaustion would have been futile, that the administrative remedy available to him was inadequate, or that he is deemed to have exhausted his

administrative remedies. Plaintiff, with advice of counsel, started to complete the available administrative remedy, but again, failed to complete the process despite receiving notice that Plaintiff's signed authorization was necessary for the appeal to proceed. Under the facts as pled, no exception for failing to exhaust could or should apply.

Plaintiff failed to comply with the Plan's requirements that were provided to him for properly designating a representative to appeal his claim. (AR 83, 122, 153, 226-228). The time for filing an appeal has now passed (AR 85, 124, 155) with no further action taken to appeal and, therefore, Plaintiff is unable to complete the appeals process that is required to exhaust his administrative remedies. This action is barred from proceeding. (AR 86, 125, 156). No material facts are in dispute and Humana is entitled to judgment as a matter of law on this issue.

### D.  Even if Plaintiff is Found to Have Exhausted Administrative Remedies, Humana's Initial Claim Decision Must be Upheld.

Notwithstanding the fact Plaintiff did not timely and fully appeal his claim denial, even if the Court determines he did, Humana's initial claim decision survives judicial review and requires judgment in favor of Humana because its decision was reasonable and not arbitrary or capricious.

#### 1.  Standard of Review.

"[A] denial of benefits" covered by ERISA "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989). Where, as here, the plan gives the administrator discretionary authority, however, the Court employs "a deferential standard of review, asking only whether the denial of benefits was arbitrary and capricious." *Weber v. GE Group Life Assurance Co.,* 541 F.3d 1002, 1010 (10th Cir. 2008) (internal citation, quotation omitted). Under this arbitrary and capricious

standard, the Court's "review is limited to determining whether the interpretation of the plan was reasonable and made in good faith." *Kellogg v. Metro. Life Ins. Co.,* 549 F.3d 818, 825-26 (10th Cir. 2008). (internal alterations, quotations omitted).

Here, the Plan explicitly provides that Humana Inc., as the "Plan Administrator,"

> has the sole discretionary authority to interpret the Plan to make eligibility and benefit determinations as it may determine in its sole discretion. The Plan Administrator also has the discretionary authority to make factual determinations as to whether any individual is entitled to receive any benefits under the Plan.

(AR 48).

Similarly, the Plan grants Humana, Inc. the authority to "delegate any of the[] administrative duties among one or more persons or entities[.]" (*Id*.). The discretionary language utilized in the Plan is in accord with the Supreme Court's decision in *Firestone*; therefore, the Court's review of Humana's determination to deny Plaintiff's claim for Basic Accidental Death, Voluntary Accidental Death, and Business Travel Accident benefits must be under an arbitrary and capricious standard. 489 U.S. at 115.

## 2. Humana's Determination on Plaintiff's Claim was not Arbitrary and Capricious.

"Under the arbitrary and capricious standard, the Court's review is limited to a determination of whether the administrator's interpretation of the plan was reasonable and made in good faith." *Rizzi v. Hartford Life & Acc. Ins. Co.*, 613 F. Supp. 2d 1234, 1238 (D.N.M. 2009), *aff'd sub nom. Rizzi v. Hartford Life & Acc. Inc. Co.*, 383 F. App'x 738 (10th Cir. 2010) (citing *Weber*, 541 F.3d at 1010. "The administrator's decision will be upheld 'so long as it is predicated on a reasoned basis.'" *Id*. (quoting *Adamson v. Unum Life Ins. Co. of Am.,* 455 F.3d 1209, 1212 (10th Cir. 2006)). "As long as the basis for the decision is reasonable, the decision 'need not be

the only logical one, nor even the best one.'" *Id.* (quoting *Nance v. Sun Life Assur. Co. of Can.,* 294 F.3d 1263, 1269 (10th Cir. 2002)). "The decision must merely reside 'somewhere on a continuum of reasonableness-even if on the low end.'" *Id.* (quoting *Kimber v. Thiokol Corp.,*196 F.3d 1092, 1098 (10th Cir. 1999)).

"A decision is arbitrary and capricious if it is 'lacking in substantial evidence or contrary to law.'" *Id.* (quoting *Rademacher v. Colo. Assoc. of Soil Conservation Dist. Med. Benefit Plan,* 11 F.3d 1567, 1569 (10th Cir. 1993)). "Substantial evidence is 'more than a scintilla but less than a preponderance' and 'is such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the decision maker.'" *Id.* (quoting *Rekstad v. U.S. Bancorp,* 451 F.3d 1114, 1119–20 (10th Cir. 2006) (internal citation omitted)).

In reviewing a benefit denial determination, the Court is to review "only the rationale asserted by the plan administrator in the administrative record and determine whether the decision, based on the asserted rationale, was arbitrary and capricious." *Weber*, 541 F.3d at 1011. The Court is required to uphold Humana's decision if it is grounded on *any* reasonable basis. *Nance*, 294 F.3d at 1269. Simply, under the law, Humana's decision need not be right or correct, but merely grounded on any reasonable basis, which the undisputed evidence shows it is.

a.    **Humana's determination was reasonable based on the Administrative Record.**

In reviewing and making its determination on Plaintiff's claim, Humana relied upon the information provided by Plaintiff, including the crash report and narrative (AR 171-178), prehospital care report (AR 183-189), Medical Examiner's post-mortem report (AR 190-193), toxicology report (AR 196-198), and relevant New Mexico statutes (AR 210), the Plan (AR 1-57)

and the subject Benefit Components (AR 58-161). Based on the undisputed information contained in the Administrative Record, Humana's decision to deny Plaintiff's claim was reasonable.

The Plan through the Benefit Components' policies explicitly exclude coverage for accidental death "resulting from…driving while legally intoxicated." (AR 73, 112, 142). Information contained in the toxicology report indicates Decedent, at the time of her death, had levels of "Delta-9 THC" and "Delta-9 Carboxy THC (inactive metabolite)" in her system. (AR 196-198). Additionally, the post-mortem report indicated "Toxicology testing of the blood detected fentanyl, the active ingredient of marijuana (delta-9 THC) and a breakdown product of marijuana (delta-9 carboxy THC)." (AR 191).[5] This information, coupled with the crash report, reasonably suggests impairment as a contributing factor. The crash report identifies the contributing factors to the crash as Decedent's "DRIVER INATTENTION, FAILED TO YIELD RIGHT-OF-WAY." (AR 172). These factors are telling when the report also notes the crash occurred during "DAYLIGHT" on a "CLEAR" day, and when Decedent was making a left turn. The crash report further provides that Decedent's eyesight was impaired. (*Id*.) (stating "Driver [] Physical Condition EYESIGHT IMP"). The crash report indicated "NO DRIVER ERROR" and "NO APP. DEFECTS" for the other driver that Decedent hit. (AR 173). Under New Mexico law, it is unlawful for a "person who is under the influence of any drug to a degree that renders the person incapable of safely driving a vehicle" to drive in the state. N.M Stat. § 66-8-102(B).

Based on the information presented to Humana, including the above, Humana reasonably determined that the Plan's limitation stating, "Accidental Death benefits DO NOT cover loss

---

[5] The Fentanyl in Decedent's system was not questioned by Humana as this was admittedly administered by paramedics following the crash. *See* (AR 183).

*Memorandum of Law In Support Of*
*Humana Insurance Company's Motion for Summary Judgment*

resulting from…driving while legally intoxicated" was applicable and no benefits were due. (AR 171-178 (crash report), 183-189 (prehospital care report), 190-193 (post-mortem report), 196-198 (toxicology report), 208-210 (claim worksheet). That Decedent apparently was using medical cannabis is immaterial. Use of marijuana for medical purposes does not mean that a person is not impaired and does not excuse the consequences of driving while intoxicated. Indeed, a brochure from the New Mexico Department of Health that Humana obtained, expressly states that individuals should not drive while impaired using medical cannabis products. (AR 210). New Mexico law also makes clear that use of medical marijuana does not excuse liability for operating a vehicle under the influence. *Id*. The reasons for the denial was communicated to Plaintiff in the denial letter. (AR 215).

Humana's decision "need not be the only logical one, nor even the best one." *Nance*, 294 F.3d at 1269. There need only be, at a minimum, a scintilla of evidence "that a reasonable mind might accept as adequate to support the conclusion reached" by Humana. *Rekstad,* 451 F.3d at 1119–20. Plaintiff can present no evidence in the Administrative Record to overcome the reasonableness of decision reached by Humana.

### b.    Humana did not operate under a conflict of interest.

If the Court reaches the need to determine whether Humana's decision was arbitrary and capricious, the Court must also consider whether an inherent conflict of interest exists. *Van Steen v. Life Ins. Co. of N. Am.*, 878 F.3d 994, 997 (10th Cir. 2018) (citing *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008)). An inherent conflict exists where the administrator who evaluates the claims and the claims payor are the same entity and is weighed "as a factor in determining whether the plan administrator has abused its discretion in denying benefits." *Id*. Here Humana Inc. is the

designated "Plan Administrator," and Humana is the entity which insures the benefits. (AR 48) ("Humana [Inc.] is the Plan Administrator"), (AR 44) ("Benefits under Basic Term Life and the Voluntary Term Life Insurance Plans are provided by insurance issued by [] Humana Insurance Company.")

Only where an entity both "determines whether an employee is eligible for benefits and pays benefits out of its own pocket" does a conflict exist. *Glenn*, 554 U.S. at 108. Because the plan administrator and the claims payor are not the same entity, there is no inherent conflict of interest. Further, based on Plaintiff's failure to exhaust his administrative remedies, this issue should not be reached.

## IV.    <u>CONCLUSION</u>

For all of the foregoing reasons, Humana Insurance Company is entitled to judgement as a matter of law and an order affirming its determination that Plaintiff failed to exhaust his administrative remedies and cannot pursue this action, or, in the alternative, that Humana's decision was reasonable and not arbitrary and capricious.

LONG, KOMER & ASSOCIATES, P.A.

*/s/ Mark E. Komer*
Mark E. Komer
P.O. Box 5098
Santa Fe, NM 87502-5098
505-982-8405
mark@longkomer.com
email@longkomer.com

and

FENNEMORE CRAIG, P.C.

Andrea L. Marconi
David L. Sieck
2354 E Camelback Road, Suite 600
Phoenix, AZ 85016-9077
602-916-5335
AMarconi@fennemorelaw.com
DSieck@fennemorelaw.com

*Attorneys for Defendant Humana Insurance*
*Company*

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2025, I filed the foregoing Memorandum of Law In Support Of Humana Insurance Company's Motion for Summary Judgment electronically, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

David M. Houliston
david@houlistonlaw.com

*Attorneys for Plaintiff*

Bryan C. Garcia
Jessica Czajkowski
bgarcia@garcialawgroupllc.com
jczajkowski@garcialawgroupllc.com

*Attorneys for Defendant*
*Manhattan Life Insurance Company*

/s/ Mark E. Komer
Mark E. Komer

51595893